THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEFFERY SIMMONS,

    Plaintiff,

v.                                      Case No. 3:13-cv-384-J-99TJC-JRK

SGT. YATES, et al.,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Plaintiff, an inmate in the custody of the Florida Department of Corrections (hereinafter FDOC) who is proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983. Plaintiff names the following Defendants: (1) Sgt. Yates, an employee of the FDOC, and (2) D. Carroll, an employee of the FDOC.

Plaintiff states that he is paralyzed below the waist, and that he is confined to a wheelchair. Complaint at 5. He alleges that on December 7, 2010, while in handcuffs, waist chains and shackles, Defendants removed him from his wheelchair and placed him in a van for transportation to Walton Correctional Institution. Id. He further alleges that Defendants failed to secure him in a seat belt. Id. During the course of the trip, the van took a sharp curve, and Plaintiff states that he was propelled from his seat onto the floor,

---

[1] Specific, written objections may be filed in accordance with 28 U.S.C. § 636 and Rule 6.02, Local Rules, United States District Court, Middle District of Florida, within fourteen (14) days after service of this document. Failure to file a timely objection waives a party's right to a de novo review. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; Local Rule 6.02(a).

causing injuries to Plaintiff's right ankle, right leg, and back. Id. Plaintiff states that he was unable to secure his own seatbelt because he was handcuffed with waist chains. Id. He further states that Defendant Yates failed to prepare an incident report. Id. Thereafter, Plaintiff received x-rays and surgery. Id.

The Prison Litigation Reform Act requires a court to dismiss a case at any time if the court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, this Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). Frivolity dismissals should be ordered only when the legal theories are "indisputably meritless," Neitzke v. Williams, 490 U.S. 319, 327 (1989), or when the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32 (1992). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Furthermore, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." Rodriguez

v. Sec'y, Dep't of Corr., 508 F.3d 611, 625 (11th Cir. 2007) (quoting Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curium)).

The Court is convinced, upon review of the Complaint, that it is frivolous since it appears that Plaintiff has little or no chance of success on a claim of constitutional deprivation. Plaintiff uses the words "deliberate indifference" and "Eighth Amendment" in making his allegations; however, these words alone do not elevate his claim to a constitutional violation. Plaintiff has failed to present operative facts that show that Defendants deprived him of any rights, privileges or immunities secured by the Constitution or laws of the United States. The alleged actions of the transport officers sound in negligence. The officers allegedly failed to secure Plaintiff with a seat belt and took a sharp turn in a van. Plaintiff, unsecured, fell to the floor of the van. In fact, Plaintiff on an inmate grievance form stated that he had been "injured from these negligent actions and requires medical attention." Doc. #1 at 11 (emphasis added). A violation of the Eighth Amendment requires a showing of "deliberate indifference" to an inmate's health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). "Deliberate indifference is not the same thing as negligence or carelessness." Ray v. Foltz, 370 F.3d 1079, 1083 (11th Cir. 2004) (citation omitted). "Accidents, mistakes, negligence, and medical malpractice are not 'constitutional violation[s] merely because the victim is a prisoner.'" Harris v. Coweta County, 21 F.3d 388, 393 (11th Cir. 1994) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Rooney v. Watson, 101 F.3d 1378, 1380-81 (11th Cir. 1996) (stating that the alleged negligence of the police officer in driving the police car at an excessive speed "does not transform a state tort claim into a constitutional deprivation"), cert. denied, 522 U.S. 966 (1997); Cannon v. Taylor, 782 F.2d 947, 949-50 (11th Cir. 1986).

In the absence of a constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against the Defendants under § 1983. However, Plaintiff may still pursue a negligence cause of action in state court. See Rooney, 101 F.3d at 1381 n.1; Cannon, 782 F.2d at 950 (stating "[a]utomobile negligence actions are grist for the state law mill"; they do not rise to the level of a constitutional deprivation).

Because Plaintiff's own allegations demonstrate that his claim sounds in mere negligence, this case is due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Accordingly, for all of the above-stated reasons, it is hereby

**RECOMMENDED:**

1. That this case be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. That the Clerk be directed to enter judgment accordingly, terminate all pending motions, and close this case.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on this 21st day of October, 2013.

JAMES R. KLINDT
United States Magistrate Judge

sa 10/4
c:
Jeffery Simmons
The Honorable Timothy J. Corrigan, United States District Judge